Citation Nr: AXXXXXXXX
Decision Date: 06/29/21 Archive Date: 06/29/21

DOCKET NO. 200306-69156
DATE: June 29, 2021

ORDER

New and relevant evidence not having been received, the petition to readjudicate the claim of entitlement to service connection for obstructive sleep apnea (OSA), including as secondary to service-connected hypertension, is denied. 

REMANDED

Entitlement to a rating in excess of 50 percent for posttraumatic stress disorder (PTSD) is remanded.

Entitlement to service connection for an acquired psychiatric disorder other than PTSD, including depression, is remanded.

FINDINGS OF FACT

1. In a July 2019 rating decision, a Department of Veterans Affairs (VA) Regional Office (RO) denied the Veteran's claim of entitlement to service connection for OSA including as secondary to hypertension. 

2. Evidence received since that July 2019 rating decision is cumulative and redundant of the evidence previously of record and not relevant to this claim. 

CONCLUSION OF LAW

New and relevant evidence has not been received to warrant readjudicating the claim of entitlement to service connection for OSA including as secondary to hypertension. 38 U.S.C. § 5108; 38 C.F.R. § 3.156(d).

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran served on active duty from November 1986 to October 2011. 

This appeal to the Board of Veterans' Appeals (Board) is from a February 2020 rating decision of a Department of Veterans Affairs (VA) Regional Office (RO).

On his March 2020 VA Form 10182, Decision Review Request: Board Appeal (Notice of Disagreement (NOD)), the Veteran elected the Direct Review docket. Therefore, the Board may only consider the evidence of record at the time of the Agency of Original Jurisdiction (AOJ), i.e., RO decision that he has appealed. See 38 C.F.R. § 20.301.

Evidence was added to the claims file when new evidence was not allowed. But, as the Board is remanding the claims of entitlement to an increased rating for the PTSD and for service connection for an acquired psychiatric disorder other than PTSD, including depression, for further development, this additional evidence may be considered by the RO when readjudicating these claims.

Whether new and relevant evidence has been received to warrant readjudicating the claim of entitlement to service connection for OSA, including as secondary to hypertension

The Veteran is asking for readjudication of his previously denied claim for service connection for OSA, including as secondary to hypertension. However, after reviewing the additional evidence received since the previous denial of this claim, the Board finds that it is not new and relevant to this claim, so it cannot be readjudicated based on this additional evidence.

The Veteran's claim of entitlement to service connection for OSA was originally denied in a July 2019 rating decision. He then filed a VA Form 20-0995, Decision Review Request: Supplemental Claim, received by VA in January 2020. But a February 2020 rating decision declined to readjudicate this claim since he had not submitted any new or relevant evidence concerning this claim. In response, he filed a VA Form 10182, Decision Review Request: Board Appeal (NOD), in March 2020 and requested "direct review" of his appeal by this Board. 

However, just as the RO concluded, the Veteran has not submitted any additional evidence into the record concerning his OSA claim since the July 2019 rating decision considering and denying this claim. 

According to the "direct review" option of the Appeals Modernization Act (AMA) that the Veteran has elected, the Board may not consider evidence added to the claims file after the February 2020 decision he appealed. See 38 C.F.R. § 20.300. Again, though, so regardless, no evidence concerning his claim for OSA has been added to the file since the July 2019 rating decision. He may file another Supplemental Claim and submit or identify additional evidence, if he has other evidence that he wants VA to consider in deciding this claim. 38 C.F.R. § 3.2501. If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id.

VA and private treatment records were added to the claims file following submission of the January 2020 Supplemental Claim. These treatment records are new, but not relevant, to the claim for service connection for OSA since they document only that the Veteran has a current diagnosis of OSA or do not mention his OSA at all. Significantly, in this regard, the question of whether he has OSA (i.e., a current diagnosis of this condition), already was conceded in the February 2020 rating decision and, thus, is not disputed. Rather, what is more determinative at this point is whether there also is the required attribution of his OSA to his military service that is, the required "nexus" either directly or secondarily by way of a service-connected disability, including especially his hypertension that he alleges caused or aggravates it. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. §§ 3.303, 3.310.

But, in the meantime, after reviewing the totality of the evidence, the Board finds that the evidence associated with the claims file since the July 2019 rating decision is not new and relevant to this claim of entitlement to service connection for OSA.

VA will readjudicate a claim if new and relevant evidence is presented or secured. 38 C.F.R. § 3.156(d). New evidence is evidence not previously part of the actual record before agency adjudicators. 38 C.F.R. § 3.2501(a)(1). Relevant evidence is evidence that tends to prove or disprove a matter at issue. Id. Relevant evidence includes evidence that raises a theory of entitlement that was not previously addressed.

Here, though, the additional evidence received since the July 2019 denial of this claim does not tend to prove or disprove a matter at issue concerning this claim, including as mentioned especially in terms of whether the OSA is caused or aggravated by the service-connected hypertension. Accordingly, the record contains no new and relevant evidence sufficient to readjudicate this claim. Therefore, this claim for service connection for OSA, including as secondary to hypertension, may not be readjudicated, and the appeal of this claim is denied.

REASONS FOR REMAND

1. Entitlement to a rating in excess of 50 percent for PTSD is remanded. 

This claim of entitlement to a rating higher than 50 percent for PTSD is being remanded to correct a duty to assist error that occurred prior to the February 2020 rating decision on appeal. The RO (AOJ) obtained a February 2020 examination report prior to the February 2020 rating decision on appeal. But this examination report did not adequately consider all the Veteran's symptoms associated with his PTSD. Specifically, prior to the VA examination, he had submitted a Disability Benefits Questionnaire (DBQ) completed by Dr. L.P., a private doctor. 

 

On the DBQ, Dr. L.P. indicated the Veteran has diagnoses of both PTSD and major depressive disorder (MDD). She also indicated the Veteran's PTSD was very severe, resulting in total social and occupational impairment, although this conflicts with the Veteran's report during his February 2020 VA examination of continuing to work. 

In any event, the February 2020 VA examiner did not discuss that contrary assessment of the Veteran's occupational and social functioning or reconcile it with her findings, including the patent disparity in the severity of the Veteran's PTSD and whether he has a separate diagnosis of MDD or it instead is a symptom of his PTSD. 

Thus, more medical comment is needed before deciding the appeal of this claim. 

2. Entitlement to service connection for an acquired psychiatric disorder other than PTSD, including depression (MDD), is remanded.

As a function of the Board's de novo review authority, after considering the medical evidence of record, the Board has recharacterized the Veteran's claim for service connection for chronic insomnia and sleep disturbances, depression, anger, anxiety attacks, night sweats, hypervigilance, mood swings, nightmares, panic attacks, paranoia, sleep deprivation more broadly as a claim for an acquired psychiatric disorder other than PTSD, including depression (MDD). See Clemons v. Shinseki, 23 Vet. App. 1, 6 (2009).

This expanded claim of entitlement to service connection for an acquired psychiatric disorder other than PTSD, including depression (MDD), is being remanded to correct a duty to assist error that occurred prior to the February 2020 rating decision on appeal. The February 2020 VA PTSD opinion does not provide any discussion regarding Dr. L.P.'s separate diagnosis of MDD. Further medical comment thus is needed to determine whether the Veteran has an acquired psychiatric disorder other than PTSD and, if he does, whether it is related or attributable to his service either directly, presumptively (if a psychosis), or secondarily by way of his already determined to be service-connected PTSD. 

 

Accordingly, these claims are REMANDED for the following action:

Schedule the Veteran for an additional examination by an appropriate clinician to reassess the severity of his service-connected PTSD. The examiner should provide a full description of this disability and report all signs and symptoms necessary for evaluating it under the applicable rating criteria. The examiner must attempt to elicit information regarding the severity, frequency, and duration of symptoms. To the extent possible, the examiner should identify any symptoms and social and occupational impairment due to the PTSD, alone.

Further, the examiner is asked to identify any other psychiatric diagnoses meaning other than PTSD, including, if determined appropriate, MDD. If any other acquired psychiatric disorders is diagnosed, the examiner is asked to opine on whether each additionally diagnosed disorder is at least as likely as not directly related to the Veteran's service, or, if a psychosis, whether it initially manifested within a year of his discharge from service to, in turn, warrant presuming it was incurred during his service, or is secondary to his PTSD meaning caused OR aggravated by it.

To assist in making these important determinations, the examiner is asked to discuss the December 2019 private DBQ from Dr. L.P. listing a diagnosis of MDD in addition to PTSD and to reconcile that additional diagnosis with the reports of the VA examinations, including in February 2020, showing only a diagnosis of PTSD, albeit with depressive symptoms. Further, the examiner is asked to discuss Dr. L.P.'s finding that the Veteran's PTSD results in total social and occupational impairment in relation to the February 2020 

 

VA opinion describing less severe occupational and social impairment. In other words, if possible, reconcile these conflicting assessments. 

 

 

KEITH W. ALLEN

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board K. Pak

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.